**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4670**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

LISA COHEN,

                Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston. Richard Mark Gergel, District Judge. (2:18-cr-00788-RMG-1)

Submitted: July 23, 2021                Decided: August 10, 2021

Before WYNN, DIAZ, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jeffrey M. Johnson, Eutawville, South Carolina, for Appellant. Peter M. McCoy, Jr., United States Attorney, Nick Bianchi, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following her 17-year-old son's untimely overdose death, Lisa Cohen ("Cohen") pleaded guilty to conspiring to possess with intent to distribute quantities of heroin, fentanyl, and methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). Though Cohen's Sentencing Guidelines range was just 27 to 33 months, the district court imposed a 144-month sentence after concluding that Cohen proximately caused the death of her son. Cohen challenges this factual finding on appeal, as well as the district court's decision to depart under U.S. Sentencing Guidelines Manual § 5K2.1, p.s. (2018). Discerning no reversible error, we affirm.

We review a sentencing court's factual findings for clear error. *United States v. Flores-Alvarado*, 779 F.3d 250, 254 (4th Cir. 2015). A court clearly errs by making factual findings that "are not supported by substantial evidence," *United States v. Martinez-Melgar*, 591 F.3d 733, 738 (4th Cir. 2010) (internal quotation marks omitted), that "are against the clear weight of the evidence considered as a whole," *id.* (internal quotation marks omitted), or "without properly taking into account substantial evidence to the contrary," *United States v. Foster*, 824 F.3d 84, 90 (4th Cir. 2016) (internal quotation marks omitted). Ultimately, "[u]nder the clear error standard, we will only reverse if left with the definite and firm conviction that a mistake has been committed." *United States v. Savage*, 885 F.3d 212, 225 (4th Cir. 2018) (internal quotation marks omitted).

In the summer of 2017, Cohen was living with her teenage son, Sebastian Cohen ("Sebastian"), and her brother, Natale Colitte. Around this time, Cohen's doctor stopped prescribing pain medication for her. To mitigate her withdrawal symptoms, Cohen started

using heroin. Eventually, so too did Sebastian and Colitte. Though Cohen denied giving heroin to Sebastian—insisting instead that Colitte was Sebastian's source of supply—she admitted injecting him with heroin once or twice.

In September 2017, Cohen checked Sebastian into a treatment facility. However, after just one week, Sebastian was released back into Cohen's custody. Tragically, Sebastian overdosed just a few days later, on the night of September 26. At her plea hearing, Cohen indicated that, as far as she knew, Sebastian died from heroin that she had given to Colitte. Notably, as the district court found, Cohen had been advised that the heroin she shared with Colitte came from a particularly strong batch that had resulted in a prior overdose.[*]

In holding Cohen responsible for Sebastian's death, the district court found that Sebastian died from heroin that Cohen had brought into their home. Objecting to this finding, Cohen points to the presentence report (PSR), which referenced a toxicology report indicating that Sebastian died with fentanyl, norfentanyl, and methamphetamine in his bloodstream. According to Cohen, this report undermines the court's conclusion that heroin—as opposed to some other drug—killed Sebastian.

For at least three reasons, Cohen's argument fails. First, based on the scant information contained in the PSR, the toxicology report did not affirmatively exclude the possibility that heroin was present in Sebastian's system. Second, and more importantly,

---

[*] Although, as Cohen argues on appeal, the evidence in the record does not conclusively establish that the heroin that caused Sebastian's overdose came from the same potent batch, we believe it was reasonable for the district court to draw this inference.

the PSR elsewhere stated that Sebastian died from a heroin overdose—a point that Cohen did not contest. *See United States v. Terry*, 916 F.2d 157, 162 (4th Cir. 1990) ("Without an affirmative showing the information is inaccurate, the court is free to adopt the findings of the presentence report without more specific inquiry or explanation." (brackets and internal quotation marks omitted)). And third, Cohen actually acknowledged that, with Colitte as an intermediary, she indirectly provided Sebastian with the heroin on which he overdosed. Thus, notwithstanding the toxicology report's reference to other substances in Sebastian's system, we reject Cohen's claim that the district court clearly erred in finding her to be a proximate cause of Sebastian's death.

Next, Cohen assigns error to the district court's application of USSG § 5K2.1, p.s., which allows for an upward departure if a death resulted from the defendant's conduct. However, even if we accepted Cohen's argument, we would find such error harmless. A Guidelines error is harmless—and, thus, does not warrant reversal—if "(1) the district court would have reached the same result even if it had decided the Guidelines issue the other way, and (2) the sentence would be reasonable even if the Guidelines issue had been decided in the defendant's favor." *United States v. Mills*, 917 F.3d 324, 330 (4th Cir. 2019) (brackets and internal quotation marks omitted); *see United States v. McDonald*, 850 F.3d 640, 643 (4th Cir. 2017) (discussing assumed error harmlessness inquiry).

Here, in addition to imposing an upward departure, the district court indicated that a 144-month upward variance sentence was warranted under the pertinent 18 U.S.C. § 3553(a) factors. Because the "court made it abundantly clear that it would have imposed the same sentence . . . regardless of the advice of the Guidelines," *United States v. Gomez-*

4

*Jimenez*, 750 F.3d 370, 382 (4th Cir. 2014), we conclude that the first prong of the assumed error harmlessness inquiry is satisfied.

Turning to the second prong, we consider whether the sentence is substantively reasonable, taking into account the Guidelines range that would have applied absent the assumed error. *Mills*, 917 F.3d at 331. To be substantively reasonable, a sentence must be "sufficient, but not greater than necessary," to satisfy the goals of sentencing. 18 U.S.C. § 3553(a). In reviewing a sentence outside the Guidelines range, we "may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Gall v. United States*, 552 U.S. 38, 51 (2007).

At 144 months, Cohen's sentence was more than quadruple the predeparture Guidelines range of 27 to 33 months. While undoubtedly a substantial variance, this sentence was, according to the district court, necessary to serve most of § 3553(a)'s sentencing goals, including just punishment, deterrence, incapacitation, and treatment. More than anything, the significant upward variance addressed the serious and disturbing nature of the offense. Indeed, in light of Cohen's claim that she sought treatment for Sebastian because she feared Colitte was providing him with drugs, Cohen's reckless decision to continue bringing heroin into their home—knowing both its potency and the possibility that Colitte would share with Sebastian—truly shocks the conscience.

Accordingly, we affirm Cohen's criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*